UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO REYES DIRCIO,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-09047-DAD-CKD<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3) |

On November 2, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2) and a motion for temporary restraining order (Doc. No. 3). On November 4, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before

/////

it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On November 9, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 9.) Therein, respondents argue that petitioner was properly detained pursuant to 8 U.S.C. § 1226(a) and that he has received all the process that he is due. (Doc. No. 9 at 2–5.) Respondents have not raised any opposition to the court ruling directly on the merits of the petition, and the court will do so.

Based upon the parties' submissions, the court finds the following. Petitioner entered the United States in February 2004 as a minor. (Doc. No. 9-1 at 3.) Petitioner was detained by ICE on October 6, 2026 during a "targeted enforcement operation" aimed at locating a different person. (*Id.* at 2.) After petitioner was contacted by ICE officers, a warrant was authorized for his arrest. (Doc. Nos. 9-1 at 2; 9-2 at 1.) Petitioner was issued a Notice to Appear for removal proceedings on October 19, 2026 (Doc. No. 9-3 at 1), almost two weeks after he was detained.

The court has previously explained that when the government detains a noncitizen who is subject to 8 U.S.C. § 1226(a) and fails to comply with the procedures set forth in that statutory provision, the immediate release of the noncitizen is warranted. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–3 (E.D. Cal. Aug. 10, 2026) (finding the failure to the petitioner with an initial custody determination either prior to or contemporaneously with detention warranted immediate release); *see also Giancarlo A.M. v. California City Warden*, No. 1:26-cv-4036-TLN-CSK, 2026 WL 2836725, at *2 (E.D. Cal. Sept. 22, 2026) ("[W]ithout a valid NTA initiating removal proceedings against a noncitizen, the noncitizen is not pending a decision on whether they are to be removed, and the government has no authority under § 1226(a) to arrest and detain them."). As noted, a Notice to Appear for removal proceedings was not issued for petitioner until nearly two weeks after his detention. Accordingly, pursuant to the reasoning in *Zurita Navarro*, the court concludes that petitioner's detention is unlawful because respondents failed to follow the procedures set forth by § 1226(a). The court will therefore order petitioner's immediate release from immigration custody.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Octavio Reyes Dircio, A-File No. 240-174-890, from respondents' custody;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner to close this case.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE